CONSUMERS COMPANY *v.* HYDROX CHEMICAL CO.

TRADEMARKS; TRADEMARK USE; OPPOSITION TO REGISTRATION; DESCRIPTIVE PROPERTIES.

1. A trademark is not acquired by the invention or discovery of a word or symbol, or by advertisement, but only by attaching or affixing it to certain articles of merchandise. (*Citing Battle Creek Sanitarium Co.* v. *Fuller*, 30 App. D. C. 411–416; *Illinois Match Co.* v. *Broomall*, 34 App. D. C. 427–429; and *Hump Hairpin Co.* v. *De Long Hook & Eye Co.* 39 App. D. C. 484–489.)

2. A trademark does not apply to other articles of merchandise not of the same descriptive properties as those to which it has been attached or affixed.

3. Opposition to the registration of "Hydrox" as a trademark for peroxide of hydrogen is properly dismissed, although the same word has previously been employed by opponent as a mark for distilled and carbonated waters and certain soft drinks, since such products, being for use as beverages, are not of the same descriptive properties and of the same class of goods as peroxide of hydrogen, which is a pharmaceutical preparation, the use of which is as a disinfectant, and which does not reasonably come within the natural expansion of opponent's business; and this even though peroxide of hydrogen contains 96 per cent of distilled water. (Citing *Muralo Co.* v. *National Lead Co.* 36 App. D. C. 541; *Johnson Educator Food Co.* v.

*Smith,* 37 App. D. C. 107, and *Hump Hairpin Co.* v. *De Long Hook & Eye Co.* 39 App. D. C. 484.)

No. 835.    Patent Appeals.    Submitted March 12, 1913.    Decided April 7, 1913.

HEARING on an appeal from a decision of the Commissioners of Patents dismissing an opposition to the registration of a trademark.                              *Affirmed.*

The facts are stated in the opinion.

*Mr. L. S. Bacon, Mr. Joseph H. Milans,* and *Mr. James R. Offield* for the appellant.

*Mr. Ernest Hopkinson* and *Mr. Edward W. Vaill, Jr.,* for the appellee.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

Appeal from a decision of the Commissioner of Patents dismissing an opposition by the Consumer's Company to the registration of a trademark applied for by the Hydrox Chemical Company.

January 7th, 1910, the Hydrox Chemical Company applied for the registration of "Hydrox" as a trademark for peroxide of hydrogen. The mark having been allowed for publication, the Consumers Company filed an opposition thereto.

The opposition alleges that a predecessor under whom it derives title coined the fanciful word, "Hydrox," January 1, 1892, as a trademark for distilled and carbonated waters, and applied the same to bottles, boxes, and other forms of containers for said waters. Said word was the only name or mark used to designate its said products, and large sums of money were expended in advertising and popularizing said mark as a symbol of purity for its said products. The mark is the distinguishing trademark for the products of opponent, and has

been used as a trademark for distilled and carbonated waters and allied products from January 1, 1892, to present date.

Distilled water being the basis of many other products, opponent added new products which would naturally come within the same class. Those named are "Hydrox" beverages, such as Birch Beer, Ginger Ale, Lemon Soda, Root Beer, and Sarsaparilla, in 1898; metal coolers for holding Hydrox water and artificial ice in 1906; "Hydrox" ice cream in 1910; peroxide of hydrogen in 1908, under the trademark, "Hydrox." Peroxide of hydrogen would naturally come within the line of articles manufactured by opponent, as the basis of such product is substantially 96 per cent distilled water. The opposition was demurred to by the Hydrox Chemical Company, and this appeal is from a decision sustaining the same.

It appears from the opposition that "hydrox" is a word coined by the opponent January 1, 1892, and was then adopted and used by it as a trademark for distilled and carbonated waters. This was extended to Birch Beer and other "soft drinks" in 1898. It was extended to nothing else prior to the use of the word as a trademark by the Hydrox Chemical Company, July 19, 1905, for peroxide of hydrogen.

It is settled law in this court, that a trademark is not acquired by the invention or discovery of a word or symbol, or by advertisement. It only becomes a trademark by attaching or affixing it to certain articles of merchandise. *Battle Creek Sanitarium Co.* v. *Fuller,* 30 App. D. C. 411–416; *Illinois Match Co.* v. *Broomall,* 34 App. D. C. 427–429; *Hump Hairpin Co.* v. *De Long Hook & Eye Co.* 39 App. D. C. 484–489. The trademark so acquired does not apply to other articles not of the same descriptive properties. The question is whether peroxide of hydrogen is a product of the same descriptive properties as distilled and carbonated waters and the beverages before mentioned? Does it belong to the same class of goods?

Peroxide of hydrogen is a pharmaceutical preparation; its use is as a disinfectant. The products of the opponent are for use as beverages. The fact that the peroxide may consist of 96 per cent distilled water does not bring it within the class

of goods manufactured and sold by the opponent; nor is it a preparation that would reasonably come within the natural expansion of opponent's business. Many other pharmaceutical preparations contain large percentages of distilled water.

The opposition does not show that the opponent would sustain any legal damage by the registration of "Hydrox" as a trademark for peroxide of hydrogen; and the Commissioner was right in dismissing the opposition.

Without discussing the question further, it is sufficient to refer to the following cases for the principle controlling this case: *Muralo Co.* v. *National Lead Co.* 36 App. D. C. 541–543; *Johnson Educator Food Co.* v. *Smith,* 37 App. D. C. 107; *Hump Hairpin Co.* v. *De Long Hook & Eye Co.* 39 App. D. C. 484–488.

The decision is affirmed; and this decision will be certified to the Commissioner of Patents.           *Affirmed.*